Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH WILKES, Dependent Mother, and HOWARD WILKES, Dependent Brother, Respondents, for Compensation under the Workmen's Compensation Law for the Death of JAMES WILKES, Deceased, *v.* ROME WIRE COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 13, 1918.

**Workmen's Compensation Law — dependency of mother and youngest brother of deceased employee — husband and father earning wages.— contributions from children to family support — purchase of property.**

The mother and youngest brother of a deceased employee cannot be regarded as dependents of the deceased, in proceedings under the Workmen's Compensation Law, where it appears that the wages of the husband

and father averaged $31.60 a week, of which he gave $20 a week for the support of his family; that the mother received from three of her five children $3 a week; that only three of the children boarded at home; that the living expenses of the family during the month of the death of the son were between $15 and $20; that the parents paid $275 on a house within nine months prior to the death, or an average of $30 a month; and that the deceased's life insurance of $600 was applied, $400 evidently on the purchase of an adjoining lot, and $200 in payment on the house.

APPEAL by the defendants, Rome Wire Company and another, from awards of the State Industrial Commission, entered in the office of said Commission on the 20th day of June, 1918, and the 12th day of December, 1917, respectively.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], *Robert W. Bonynge,* counsel to the State Industrial Commission, and *Michael J. Larkin,* claimant's attorney, for the respondents.

LYON, J.:

The question presented by this appeal is whether the mother and youngest brother of the deceased were dependent upon him for support at the time of his death on April 2, 1917.

James Wilkes was in the employ of the Rome Wire Company and met an accidental death. He was receiving an average of $15.80 per week with ten per cent bonus. Of this sum he paid his mother $10 per week " $5.00 for his board, and $5.00 toward the home, and to help send the little brother to school, and buy things." The father was employed in the Rome Iron Mills, Inc. He had received in wages for the week immediately preceding the son's death $39.96. He received the week preceding, $44.96. His wages for the year were $1,611.81, or an average of $31.60 per week. He gave his wife $20 per week for the support of his family which consisted of himself, his wife, their children, James, Arthur, Joseph, Howard and Florence. None of them excepting James, Howard and Florence boarded at home. The mother received from Arthur, Joseph and Florence $3 each per week, making her weekly income with the $10 received from James

and $20 received from the husband, $39 per week. The husband spent his remaining $11.60 for clothes, filling or grading about the house, and anything the family needed. The wife testified that it cost to support the family during April, the month of the death of the son, $15 to $20. They bought the house in July, 1916, and during the nine months between that date and April second, when James was killed, paid $275 thereon, an average of about $30 per month. Furthermore, during the previous years of idleness of the father, debts had accumulated to a large amount. These had been paid off. The son's life insurance of $600 was applied, $400 evidently in the purchase of the adjoining lot, and $200 in payment on the house. This made the aggregate payments on the house $500, with one payment of $25. The wife stated over her own signature that the husband was paying her but $10 per week, and the husband that he was earning but $20 per week. In fact he was paying her $20 per week, and his earnings for six weeks immediately preceding the death of James were upwards of $40 per week, excepting for two weeks when they were $39.96 and $39.09 per week. He also testified that in the winter he could not work, while the payroll shows no lessening of his earning power for the winter months. We think this is not a family for whose benefit the Workmen's Compensation Law was enacted.

The award must be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.